IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





AP- 75,038






Ex parte WALTER BELL, JR., Applicant





ON APPLICATION FOR WRIT OF HABEAS CORPUS

FROM JEFFERSON COUNTY





 Keller, P.J., filed a concurring and dissenting opinion in which MEYERS,
KEASLER, and HERVEY, JJ., joined.


CONCURRING AND DISSENTING OPINION




 Amicus curiae suggests that a permanent stay of execution - not reformation to a life sentence
- is the appropriate remedy for a mentally retarded death-sentenced defendant. It is pointed out that
a permanent stay would deny such an inmate the chance of parole, as well as allow authorities to
keep him on death row. The preclusion from execution mandated by Atkins v. Virginia (1) does not,
it is argued, negate the fact that a jury has found applicant to be a future danger to society. The
nature of the relief that this Court decides to grant to such inmates will have a bearing on the safety
of general-population inmates, prison staff and, if parole is granted, the public. Reformation of
applicant's sentence to life in this case renders him immediately eligible for parole. (2) This is not what
the jury had in mind for applicant or, apparently, what the Legislature had in mind for men like
applicant. Atkins forces us to intrude upon the will of the people of Texas, as expressed by our
Legislature, and upon the will of the jury. (3) If there is an option that more closely adheres to those
intentions, we should at least consider it.

 I am uncertain about the merits of the amicus position, but I believe we ought to address it. 
I would order briefing and argument on the issue of what is the appropriate relief to be granted under
Atkins.

 I agree that applicant may not be executed, and I concur in the Court's opinion to that extent. 
But before deciding whether to reform applicant's sentence to life, I would first give full
consideration to the alternative remedy suggested by amicus curiae. To the Court's decision to
reform applicant's sentence to life imprisonment without such a full consideration, I respectfully
dissent.

 KELLER, Presiding Judge

Date filed: November 10, 2004

Publish

1. 536 U.S. 304 (2002).
2. He was originally convicted in 1975 for a capital murder committed in 1974. See
TEX. CODE CRIM. PROC., Art. 42.12 §15(a)(1967)(life sentenced prisoner eligible for parole
after twenty years).
3. But see H.B. 236, 77th Leg., R.S. (2001). In the 2001 legislative session, a bill was
passed that prohibited execution of the mentally retarded. It was vetoed by the Governor and no
such legislation has been enacted in the succeeding sessions.